HONORABLE RONALD B. LEIGHTON

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| UNITED STATES OF AMERICA, | Case No. C10-5475RBL |
| Plaintiff, | CR03-5504RBL |
| v. | |
| AARON E. BROWN, | ORDER |
| Defendant. | |

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion for Relief From Final Judgment Pursuant to Fed. R. Civ. P. 60(b)(2).  Having considered the entirety of the records and file herein, the Court finds and rules as follows:

On March 17, 2004 the defendant pled guilty to being a felon in possession of a firearm.  After multiple continuances and a change of counsel, the defendant was sentenced on May 25, 2006 to 150 months imprisonment.  At sentencing, the Court determined that the defendant qualified as an armed career criminal under 18 U.S.C. § 924(e) based on his prior convictions for arson, second degree burglary, and residential burglary.  On May 21, 2007, the United States Court of Appeals affirmed in an unpublished memorandum this Court's determination that the defendant qualified as an armed career criminal.  On November 9, 2009 this Court denied defendant's 28 U.S.C. § 2255 motion challenging the finding of armed career criminal status. [See C09-5127RBL].  In the motion he argued that a recent United States Supreme Court case, *Begay v. United States*, 128 S. Ct. 1581 (2008), invalidated this

ORDER
Page - 1

1   Court's determination that the defendant qualified as an armed career criminal.

2   　　　He brings the instant motion pursuant to Fed. R. Civ. P. 60(b)(2), arguing that the decision in

3   another recent United States Supreme Court case, *Johnson v. United States*, 130 S. Ct. 1265 (2010),

4   qualifies as "newly discovered evidence" under the Rule and entitles him to reopen his prior § 2255

5   motion.

6   　　　Because the defendant has previously filed a § 2255 motion, the Court must determine whether

7   defendant's Rule 60(b) motion is a successive petition subject to the requirements of the Antiterrorism

8   and Effective Death Penalty Act ("AEDPA").  <u>See</u> 28 U.S.C. § 2244.  If a movant (i) asserts any new

9   ground entitling a petitioner to habeas corpus relief (or relief under 28 U.S.C. § 2255), or (ii) asserts that a

10  previous ruling regarding one of those grounds was in error, he is making a habeas corpus claim.

11  *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *see also Thompson v. Calderon*, 151 F.3d 918, 921 (9th

12  Cir. 1998).  If the defendant is making a claim for relief under § 2255, then it would be a second or

13  successive claim subject to the rules codified at 28 U.S.C. § 2244.

14  　　　In his motion, the defendant argues that the *Johnson* decision entitles him to relief under 28 U.S.C.

15  § 2255.  It is thus a second or successive claim subject to the requirements of AEDPA.  Pursuant to Ninth

16  Circuit Rule 22-3(a), this motion is transferred to the United States Court of Appeals for the Ninth

17  Circuit.

18  　　　**IT IS SO ORDERED.**

19  　　　The Clerk shall send uncertified copies of this order to all counsel of record, and to any party

20  appearing pro se.

21  　　　Dated this 9th day of July, 2010.

22

23  _____
    RONALD B. LEIGHTON
24  UNITED STATES DISTRICT JUDGE

25

26

27

28